# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

No. 12-10781
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL LEWIS, also known as MD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-70-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Lewis, federal prisoner # 35452-177, is serving a 240-month term of imprisonment for distributing cocaine base. He appeals the district court's denial of his second motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 750 to the United States Sentencing Guidelines.

Lewis argues that he is eligible for a sentence reduction because the offense of which he pleaded guilty involved crack cocaine. Section 3582(c)(2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permits the discretionary modification of a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2). Part A of Amendment 750 altered the base offense levels for cocaine base in the drug quantity tables of § 2D1.1(c) and is retroactive. *See* United States Sentencing Commission, *Guidelines Manual, Supp. to Appendix C-Vol. III*, Amendment 750, at 391-98; 416-421 (Amendment 759).

The district court accurately noted that Lewis's base offense level was calculated based solely on the amount of powder cocaine attributable to him for sentencing purposes. His sentencing guidelines range therefore was not affected by retroactive application of Amendment 750, and the district court did not err by denying his § 3582(c)(2) motion on that basis. The judgment of the district court is affirmed.

We caution Lewis that filing repetitive or frivolous requests for a § 3582(c)(2) sentence reduction, or appeals from the denial of such requests, will invite the imposition of sanctions. To avoid sanctions, Lewis is further cautioned to review any pending appeals to ensure that they do not raise arguments that are repetitive or frivolous.

AFFIRMED; SANCTION WARNING ISSUED.